B1040 (FORM 1040) (12/15)

**FILED**
**NOV 0 9 2018**
Clerk, U.S. District and
Bankruptcy Courts

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>SABRINA WOODARD | **DEFENDANTS**<br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS CWABS INC SERIES 2005-S03 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known)<br>PATRICIA DECKER |
| **PARTY** (Check One Box Only)<br>☑ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

I purchased the property from the creditor. Creditor was obligated to provide a complete accounting to determine the amount neccessary to close. Credit failed to provide me with reasonable method for me to pursue my intent to timely close on said property. Credit deceived Debtor by stalling/refusing to provide Debtor after multiple request for complete accurate accounting. Then Creditor sold Debtor's interest while leading Debtor to believe they were completing sale to Debtor.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☑ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☑ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>SABRINA WOODARD | BANKRUPTCY CASE NO.<br>18-00384 | | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>S. Woodard | | | |
| DATE<br>11/9/18 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>SABRINA WOODARD | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>SABRINA WOODARD<br><br>      Debtor. | Case No. 18-00384<br>Chapter 11 |
| SABRINA WOODARD,<br><br>Plaintiff,<br><br>v.<br>THE BANK OF NEW YORK MELLON FKA<br>THE BANK OF NEW YORK, AS TRUSTEE<br>FOR THE CERTIFICATE HOLDERS<br>CWABS, INC., ASSET-BACKED NOTES<br>SERIES 2005-SD3<br><br>      Defendant. | Adv. Proc.No._____ |

## COMPLAINT FOR ACCOUNTING

TO THE HONORABLE S. MARTIN TEEL JR., BANKRUPTCY JUDGE:

COMES NOW SABRINA WOODARD as Plaintiff ("Plaintiff", "I", "My") in the above-captioned administrative case, by and through myself, and as this Complaint ("Complaint"), respectfully represent as follows:

### PARTIES

1. I am a Debtor, a debtor in possession under Chapter 11 of the United States Bankruptcy Code, in the above-references administrative case. I am an adult resident and domiciliary of the District of Columbia.

1

2. The Defendant is THE BANK OF NEW YORK MELLON ("Defendant") represented by attorney Patrick Decker of BWW Law Group having business at 6003 Executive Blvd, Suite 101, Rockville, MD 20852. The Defendant is amenable to service of process and the personal jurisdiction of this Court.

## FACTS

1. The underlying administrative case was commenced by me when I filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, on May 30, 2018 ("Petition Date").
2. I was a successful purchaser in a foreclosure sale by Defendant of property 2217 Hartford Street SE, Washington DC 20020 ("Property") having bid it for $171,000. Attached herein is said agreement between myself and showing successful bid on June 2017.
3. I provided $10,000 as a down payment on that day of said agreement with Defendant.
4. In order to complete the purchase, I requested Defendant for complete accounting to determine the amount necessary to close within the 30-day period allowed.
5. However, the Defendant failed to provide any reasonable method for me to pursue my intent to complete the purchase of said property. I detrimentally relied on receiving a complete and detailed account of the purchase within the mandated 30-day period but instead was provided incomplete and likely incorrect information. Attached herewith is the only accounting of the sale provided by Defendant, called HUD-1.
6. More importantly, the Defendant continued to send me letters and worked with me and Title Company through their BWW attorney which I relied on to understand that despite lapse of the 30-day period since my successful bid for purchase, we were working on the final steps to complete the purchase.
7. However, it came to my notice that in the meantime, Defendant conducted a second sale—

2

without any notice to me or to my knowledge and information to the then property owner.

8. I would like to direct your attention to the fact that in addition to this second sale without giving me notice, the Defendant obtained actual knowledge and notice of the filing of this bankruptcy petition in this case shortly after the Petition Date around August 20, but definitely before the above-mentioned secondary sale to a second buyer.

9. While possessed of actual knowledge of the pendency of this underlying bankruptcy case, the Defendant performed voluntarily, willingly, and volitionally, the following steps: (a) continued to perform conduct I detrimentally relied on as working on purchase of my bid; (b) without having first sought or obtained relief from the automatic stay, provided said property to other purchasers and followed a second sale; (c) has kept my original $10,000 payment to hold my bid for purchase; (d); and (d) purportedly failed to provide complete and accurate accounting for the purchase under my bid agreement for the said property.

10. As of date of this Complaint, I am not aware of the success or completion of the second sale.

WHEREFORE, I pray for judgment as follows:

A. Compelling the Defendant to account for all funds related to the Property, including all offsets, withdrawals, deposits, credits, debits, interest accruals, remittances, transfers, etc., that may have been, or were otherwise due to be, made with respect to, the Property; and

B. Granting to the Plaintiff such other and further relief as is just and proper.

Dated: 10/29/18

Respectfully submitted,

S. Woodard

SANDRA WOODARD
4020 5th ST NW, Washington DC 20011
SWOODARD_82@msm.com
(571) 206-9633

3

# B|W|W

**BWW LAW GROUP, LLC**
ATTORNEYS AT LAW
www.bww-law.com

6003 EXECUTIVE BLVD.
SUITE 101
ROCKVILLE, MD 20852
(301) 961-6555 (PHONE)
(301) 961-6545 (FACSIMILE)

8100 THREE CHOPT RD.
SUITE 240
RICHMOND, VA 23229
(804) 282-0463 (PHONE)
(804) 282-0541 (FACSIMILE)

## MEMORANDUM OF SALE

In addition to the terms published with the legal advertisement of this sale, the following terms have been made available to all qualified bidders prior to bidding:

1. The property and any improvements thereon is sold in an "as is" condition and subject to all easements, liens, covenants, conditions, restrictions and agreements of record affecting the same, if any, and with no warranty of any kind. The trustee(s) will not sign loan documents in which he makes any warranty with regard to the property.
2. The sale is subject to ratification by the Court.
3. Interest will be paid on the balance of the purchase price (amount of bid minus amount of deposit) at the current rate of interest in the note per annum from the date of sale to the date said funds are received in the office of the Substitute Trustee(s), to be paid in certified funds within 60 days of final ratification of the sale by the Court.
4. There will be no abatement of interest for the purchaser in the event additional funds are tendered before settlement, or in the event settlement is delayed for any reason whatsoever.
5. All sales are for cash. Settlement must be within 60 days of the Ratification. TIME IS OF THE ESSENCE FOR THE PURCHASER. If purchaser fails or refuses to settle within the aforesaid time frame, the deposit will be forfeited and the Trustees may apply the deposit toward costs, fees, and their compensation associated with the initial auction and the resale process, with any remaining amount credited to the underlying debt.
6. Additionally, if the purchaser fails to timely settle, the Trustees may file a motion to resell the property, and the purchaser agrees to pay the Trustees' reasonable attorney fees as ordered by the Court in connection with said motion. The purchaser also waives personal service of any paper and Show Cause Order in connection with a motion to resell, expressly agrees to accept service by certified mail and regular mail sent to the address provided by the purchaser on the documents executed at the time of the sale, and agrees that such service is complete upon mailing and that actual receipt of said mailings is not required.
7. If the property is a condominium, the property is being sold <u>subject to</u> any common expense assessments that may take priority over the foreclosed security instrument pursuant to § 42-1903.13 of the District of Columbia Code. Purchaser is responsible for paying all attorney fees of said condominium.
8. Purchaser is responsible for obtaining physical possession of the property, and assumes risk of loss or damage to property from the date of sale.
9. Settlement may be at the offices of the trustee(s). If it is anywhere else, the Trustee(s) need not attend. All courier and express mail charges will be those of the purchaser.
10. The purchaser must sign this memorandum to evidence his/her understanding of its terms and to evidence his/her agreement to comply fully with its terms.
11. The sale is subject to post-sale confirmation that the borrower did not file for protection under the U.S. Bankruptcy Code prior to the sale, as well as to post-sale confirmation and audit of the status of the loan with the loan servicer including, but not limited to, determination of whether the borrower entered into any repayment agreement, reinstated or paid off the loan prior to the sale. In any such event, this sale shall be null and void and the Purchaser's sole remedy, in law or equity, shall be the return of his/her deposit without interest.
12. If ratification is denied by the Superior Court for any reason, the purchaser's sole remedy at law or equity is a refund of the deposit without interest.
13. Purchaser agrees to complete settlement pursuant to the above stated terms, regardless of Purchaser's ability to obtain title insurance due to occupancy status.
14. No third party checks will be accepted; all funds received as deposit will be applied as such.

Howard N. Bierman, Jacob Geesing, Carrie M. Ward, Joseph A. Delozier, Joshua P. Coleman, and Jason T. Kutcher
THESE TERMS HAVE BEEN ANNOUNCED AT SALE BY THE TRUSTEE(S). THE PURCHASER HAS READ THESE TERMS AND THE TERMS STATED IN THE PUBLISHED SALE NOTICE AND AGREES TO ABIDE BY THEM.

_____        _____        _____
Trustee(s)               Purchaser

2217 Hartford St SE        6/21/17 12:14        _____
**Property Address**        **Date/Time of Auction**        **Purchaser**

10/16

157/102

# MEMORANDUM OF PURCHASE
## (Certificate of Sale/Auctioneer's Report)
## AT PUBLIC AUCTION

Property: 2217 Hartford St., SE
Washington, DC

I, the undersigned purchaser hereby acknowledge that I (or We) have this day purchased the property described in the attached advertisement, subject to the conditions stated therein, at the price of

$ 171,000

And have paid to either the Trustee or the Auctioneer the sum of

$ 10,000 refund difference from $10,000

by way of deposit and earnest money, and I (or We) agree to complete the purchase in accordance with said conditions in the advertisement.

As witness my hand this 21st
day of June 2017

Sabrina Woodard (SEAL)
S Werlul (SEAL)
PURCHASER

4020 5th St NW
ADDRESS
Washington, DC 20011
CITY, STATE, ZIP
202-726-1973 / Swoodard-82@msn.com
PHONE/EMAIL

I acknowledge receipt of deposit:
[signature]

The above offer is accepted subject to the conditions of sale in said advertisement, and I (or We) agree to deliver title as therein stated to complete the sale, subject to the conditions herein set forth.

[signature] (SEAL)
SELLER OR AUTHORIZED AGENT

# Alex Cooper

---

## COPY OF ADVERTISEMENT
ALEX COOPER AUCTS., INC.
5301 WISCONSIN AVE. NW, #750
WASH., DC 20015  202-364-0306
WWW.ALEXCOOPER.COM

**COURT APPOINTED TRUSTEE
JUDICIAL SALE OF REAL PROPERTY**

2217 Hartford St., SE
Washington, DC 20020

In execution of the Superior Court for District of Columbia's Order/Decree in Case #2016 CA 005219 R(RP) the Trustees will offer for sale at public auction the real property located at 2217 Hartford St., SE, Washington, DC, 20020, designated as being Square 5841, Lot 0045, and as more fully described in the Deed of Trust dated December 13, 2004, which is recorded as Instrument #2004170885 in the Land Records of the District of Columbia. The sale will occur within the offices of Alex Cooper Aucts., Inc., 5301 Wisconsin Ave., NW #750, Washington, DC 20015, 202-364-0306 on

**WEDNESDAY, JUNE 21, 2017 AT 12:14 PM**

The property, in fee simple, together with all improvements thereon, will be sold by Trustee's deed, in "as is" condition, subject to conditions, restrictions, and agreements of record affecting the same, if any, and with no warranty of any kind. The sale will be subject to ratification by the Court.

TERMS OF SALE: A deposit of the lesser of $10,000 or ten percent (10%) of the winning bid amount, in the form of a certified check, cashier's check, or money order, will be required of the purchaser at the time and place of sale. The deposit required to bid at the auction is waived for the Noteholder and any of its successors or assigns. The Noteholder may bid up to the amount owed on the Note plus all costs and expenses of sale on credit and may submit a written bid to the Trustee, which shall be announced at sale. The sale is subject to ratification by the Court. The balance of the purchase price, along with interest on the unpaid purchase money at the rate of 7.625% from the date of sale to the date funds are received by the Trustees, to be paid in certified funds within 60 days of final ratification of the sale by the Court. There will be no abatement of interest for the purchaser in the event additional funds are tendered before settlement, or in the event settlement is delayed for any reason whatsoever. TIME IS OF THE ESSENCE FOR THE PURCHASER. If purchaser fails or refuses to settle within the aforesaid time frame, the deposit will be forfeited and the Trustees may apply the deposit toward costs, fees, and their compensation associated with the initial auction and the resale process, with any remaining amount credited to the underlying debt. Additionally, if the purchaser fails to timely settle, the Trustees may file a motion to resell the property, and the purchaser agrees to pay the Trustees' reasonable attorney fees as ordered by the Court in connection with said motion. The purchaser also waives personal service of any paper and Show Cause Order in connection with a motion to resell, expressly agrees to accept service by certified mail and regular mail sent to the address provided by the purchaser on the documents executed at the time of sale, and agrees that such service is complete upon mailing and that actual receipt of said mailings is not required. Adjustment of current year's real property taxes are adjusted as of the date of sale, and thereafter assumed by the purchaser. Taxes due for prior years including costs of any tax sale are payable by the purchaser. Purchaser is responsible for any recapture of homestead tax credit. All other public and/or private charges or assessments, to the extent such amounts survive foreclosure sale, including water/sewer charges, whether incurred prior to or after the sale to be paid by the purchaser. All transfer taxes and recordation taxes shall be paid by purchaser. Purchaser is responsible for obtaining physical possession of the property, and assumes risk of loss or damage to property from the date of sale. The sale is subject to post-sale audit of the status of the loan with the loan servicer including, but not limited to, determination of whether the borrower entered into any repayment agreement, reinstated, or paid off the loan prior to the sale. In any such event, this sale shall be null and void, and the purchaser's sole remedy, in law or equity, shall be the return of the deposit without interest. BWW#: 206788-1

Howard N. Bierman, Carrie M. Ward, et. al., Court Appointed
Trustees

Washington Times
May 23, May 30, Jun 6, Jun 13

(Serial #485254)

162
3
4
5
6
7
8
9
170
1

### RE: URGENT/CLOSING ON JUNE 25TH

Sabrina Woodard
Fri 6/22/2018, 7:44 PM
To: patrick.decker@bww-law.com <patrick.decker@bww-law.com>

Hello Mr. Decker,

We are scheduled to close on 2217 Hartford Street S.E.  Washington  DC, on June 25, 2018.

Can you please email me a copy of the payoff ASAP?

Thank you,
Ms. Woodard

### URGENT/ Re: 2217 Hartford St. S.E. Washington DC 20020

Sabrina Woodard
Mon 8/20/2018, 7:25 PM
To: patrick.decker@bww-law.com <patrick.decker@bww-law.com>

Hello Mr. Decker,

Please be advised that I am requesting you to POSTPONE the sale on Wednesday until all the issues with the HUD-1 can be resolved.

Your immediate attention to this matter is greatly appreciated.

Thank you,
Ms. Woodard

STOP/STOP BANKRUPTCY Re: 2217 Hartford St. S.E. Washington DC 20020

Sabrina Woodard
Wed 8/22/2018, 6:04 AM
To: patrick.decker@bww-law.com <patrick.decker@bww-law.com>

Hello Mr. Decker,

I am not sure if you have spoken with Melanie however, I asked her to inform you about my bankruptcy. I am advising you that the sale on Wednesday should be cancelled because the property is protected under federal bankruptcy law. Case No. 18-00384

Additionally, I sent you this email below which outlines all of the current issues with this HUD-1 that need to be resolved before any sale can proceed.

PLEASE CANCEL THE PENDING SALE ON WEDNESDAY 8/22/18 SO THAT WE MAY RESOLVE THIS MATTER IN A EFFICIENT/GOOD FAITH MANNER.

Your immediate attention to this matter is greatly appreciated.

Thank you,
Ms. Woodard

---

From: Sabrina Woodard
Sent: Monday, August 20, 2018 7:21 PM
To: patrick.decker@bww-law.com
Subject: URGENT/URGENT 2217 Hartford St. S.E. Washington DC 20020

Hello Mr. Decker,

Melanie is not responding to me, so that leaves me no other choice especially since settlement is a time sensitive issue but to reach out to you directly. There are some serious problems with this HUD-1.

1. I just received the HUD-1 on Friday from Melanie and that is only giving the titile company a day and a half to complete title work and to settle which is not enough time.
2. The HUD-1 is not prepared for me as the purchaser but for Mr. Nachito.
3. The interest is calculated wrong, it is based on 171k and not 161k. It should be based on 161k.
4. Also, the number of days is incorrect.
5. My 10k deposit has grown interest in your account and that amount is not reflected on the HUD-1.
6. Mr. Kim deposited 1k deposit and that too is not on the HUD-1.

7. You have multiple fees here that should be removed, status hearing, mailing, and publications.
8. Additionally, you us to incur all the seller's costs which should unethical.

In light, of all of these issues can you PLEASE postpone the sale on Wednesday so that we may work out all of these particulars. The HUD-1 has to be correct for the title company to process a accurate settlement.

Your immediate attention to this matter is greatly appreciated.

Ms. Woodard

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October 2018, a true copy of the foregoing Motion/Complaint for Accounting was mailed first-class, postage prepaid to:

Patrick Decker  
BWW Law Group  
6003 Executive Blvd,  
Suite 101  
Rockville MD   20852

Counsel for Defendant

U.S. Trustee's Office  
115 South Union St.  
Suite 210 Plaza Level  
Alexandria, Va 22314

U.S. Trustee

Joseph A. Guzinski  
U.S. Trustee's Office  
115 South Union St.  
Suite 210 Plaza Level  
Alexandria, Va 22314

U.S. Trustee