# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re: | |
| Sabrina Woodard | Case No. 18-00384 |
| Debtor. | Chapter 11 |

## U.S. TRUSTEE'S MOTION TO DISMISS CHAPTER 11 CASE WITH PREJUDICE FOR 360 DAYS

John P. Fitzgerald, III, the Acting United States Trustee for Region 4, by counsel, moves this Court to dismiss the case with prejudice for 360 days based on the following.

This debtor has had a history of repeat filings that can considered to be of bad faith as follows:

1. Debtor filed on June 5, 2015 in case 221-15-11955 in the Virginia Eastern Bankruptcy court as a chapter 7. The case was filed jointly with David Miller, III with Kevin McCarthy appointed as trustee. The case was dismissed on July 15th, 2015 (docket 55) under Local Bankruptcy Rules 1007-1 for having failed to timely file lists, schedules and statements within time periods set forth in the rules. The case was closed on August 12, 2015 (docket 62).

2. Debtor's second filing is on August 12, 2015 in case 900-15-00417 in this court as a chapter 11. During this case, this a Motion to Compel was filed on August 27th, 2015 (docket 37) to have the debtor file Schedules, Statement of Financial Affairs, Statement of Monthly Income, and List of the 20 Largest Unsecured Creditors. That same date, Huntington Apartment Associates filed a Motion to Convert the Case to a Chapter 7

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                                Page 1 of 5

(docket 39). This court ordered the debtor on September 11, 2015 to File Statistical Summary and/or Summary of Schedules within in seven (7) days of the date of the order (docket 55). Schedules and the Statement of Financial Affairs was filed on November 5th, 2015 (docket 86). This court also filed an Order to Show Cause for Failure to Pay Installment(s) of Filing Fees on September 29, 2015 (docket 70). The filing fee was then paid on October 13, 2015. This court then ordered that this case be converted on November 5th, 2015 to a chapter 7 (docket 83). The chapter 7 trustee issued a Report of No Distribution on March 7th, 2017 (docket 150). This court then issued an Order to Show Cause on August 17th, 2017 (docket 153) for Failure to Pay Installment of Filing Fee. An order dismissing this case with prejudice from September 13th, 2017 to March 12th, 2018 was entered on September 13th, 2017 (docket 155). This case was closed on November 2nd, 2017.

3. The debtor then filed a chapter 11 in the Eastern District of Virginia under case 221-18-10810 on March 8th, 2018. On March 28th, 2018, this court dismissed this case under Local Rule 1007-1 for having failed to timely file required lists, schedules and statements (docket 19). The case was closed on April 19th, 2018.

4. The debtor files the current case on May 30th, 2018 under chapter 11.

Section 1112(b)(1) of the Bankruptcy Code provides that the Bankruptcy Court shall convert a case to chapter 7 or dismiss a case if cause is established.

- Under 11 U.S.C. § 1112(b)(4)(H) cause includes the "failure timely to provide information or attend meetings reasonably requested by the United States Trustee." The debtor failed to attend the Initial Debtor Inteview (IDI) set for 10:00 am, Tuesday June 19, 2018. In fact, the debtor also failed to attend the IDI scheduled for March 26th,

2018 at 2:00 pm in her case 221-18-10810.  The debtor has also failed to provide proof of openings up a debtor in possession account.  Failure to attend meetings requested by the United States Trustee and to open debtor-in-possession accounts with approved financial institutions are grounds for dismissal of the case.

- Under 11 U.S.C. § 1112(b)(4)(C) cause includes the "failure to maintain appropriate insurance that poses a risk to the estate or the public." The debtor has failed to provide proof of any insurance on either real estate, personal assets, or auto in order to protect the bankruptcy estate's value.  Failure to provide insurance is grounds for dismissal of the case.

- Under 11 U.S.C. § 1112(b)(4)(I) cause includes the "failure timely to pay taxes owed after the date of the order for relief or to file tax returns due after the date of the order for relief".  The debtor has failed to provide the United States Trustee copies of their last two filed tax returns.  Failure to do so is grounds for dismissal of the case.

- Under 11 U.S.C. § 1112(b)(4)(F) cause includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter".  The debtor has failed to file the required monthly operating reports for the period May through September, 2018.  Failure to file these reports is cause for conversion or dismissal of the case.

- Under 11 U.S.C. § 1112(b)(4)(K) cause includes the "failure to pay any fees or charges required under chapter 123 of title 28".  The debtor currently owes an estimated $650 in chapter 11 fees for the 2nd and 3rd quarters of 2018.  These fees could be greater depending upon the disbursements reported in the missing monthly operating reports

aforementioned. Failure to pay chapter 11 fees on an accurate and timely basis are grounds for conversion or dismissal of the case.

As the Acting U.S. Trustee has established a *prima facie* case that causes exists to convert or dismiss this case, the burden shifts to the debtor to demonstrate that "unusual circumstances" exist to avoid the mandatory conversion or dismissal of his case. *See* 11 U.S.C. § 1112(b)(2); *In re Park,* 426 B.R. 811, 815 (Bankr. W.D. Va. 2010) (internal citations omitted)("The moving party bears the initial burden of establishing a *prima facie* case that cause exists to dismiss or convert. Once a *prima facie* case establishing cause is made, then the burden shifts to the objecting party to either: (a) demonstrate that unusual circumstances exist that would that make dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable period of time."). The U.S. Trustee is unaware of any unusual circumstances that would result in a finding that either conversion or dismissal of this case is not in the best interest of the creditors of the estate.

WHEREFORE, the Acting United States Trustee respectfully requests that this Court enter an order dismissing this case with prejudice for 360 days.

February 22, 2019                                    JOHN P. FITZGERALD, III
                                                     ACTING U.S. TRUSTEE, REGION 4


                                                     By:  */s/ Joseph A. Guzinski*
                                                          Joseph A. Guzinski
                                                          Assistant United States Trustee
                                                          Office of United States Trustee
                                                          115 South Union Street, Suite 210
                                                          Alexandria, VA 22314
                                                          (703) 557-7176

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 19, 2018, a true copy of this motion to dismiss this case with prejudice for 360 days was served on all parties receiving notice through CM/ECF. A true copy of this motion to convert or dismiss was also served on the following person(s) by first class U.S. mail, postage pre-paid:

| | |
|---|---|
| Sabrina Woodard<br>4020 5th St. NW<br>Washington DC 20011<br>*Pro-Se Debtor* | |

                                            */s/ Paula Blades*
                                            Paula Blades
                                            Paralegal